Ying Liu
Carolyn Shields
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
718-463-1868
Attorneys for YAT CHAU (USA) INC.
and YAT SING MEDICINE
MANUFACTURING CO., LTD.,
Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| YAT CHAU (USA) INC., a New York Corporation, and YAT SING MEDICINE MANUFACTURING CO., LTD., a Hong Kong Corporation, | Case No. _____ |
| Plaintiff, | COMPLAINT |
| -against- | |
| SUZI YE, also known as SU-ZI YE CHONG, an Individual; WEN ZHOU USA INC., formerly known as YI ZHOU USA INC., formerly known as YECHAU USA INC., a New York corporation; YI ZHOU USA, INC., formerly known as YA ZHOU USA, INC., a New York corporation; and DOES 1 through 10, Inclusive, | |
| Defendants. | |

---------------------------------------------------------------x

Plaintiffs YAT CHAU (USA) INC., a New York Corporation, and YAT

SING MEDICINE MANUFACTURING CO., LTD., a Hong Kong Corporation

(hereinafter referred to as "Plaintiffs"), for their complaint against SUZI YE,

also known as SU-ZI YE CHONG, an Individual; WEN ZHOU USA INC.,

formerly known as YI ZHOU USA INC., formerly known as YECHAU USA

INC., a New York corporation; YI ZHOU USA, INC., formerly known as YA ZHOU USA, INC., a New York corporation; and DOES 1 through 10, Inclusive (hereinafter referred to as "Defendants"), allege:

1. This is an action for trademark infringement and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, and 1125(a)); trademark infringement, unjust enrichment, and unfair competition under New York law; and violation of the New York Deceptive Acts and Practices Act.

## JURISDICTION AND VENUE

2. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendants because are present in and do business in the State of New York.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events giving rise to the claims in this action occurred within this District.

PARTIES

5. The Plaintiff YAT CHAU (USA) INC. is a citizen of New York, being a corporation organized and existing under the laws of the State of New York and with its principal place of business at 40-20 Main Street, Flushing, New York 11354. Plaintiff YAT CHAU (USA) INC. is the licensee of Plaintiff YAT SING MEDICINE MANUFACTURING CO., LTD. with respect to the trademark that is the subject of this action, said trademark registered in the principal register of the United States Patent and Trademark Office. Said license entitles Plaintiff YAT CHAU (USA) INC. to the use of said trademark for and in connection with certain goods sold within the United States, those goods set forth in Exhibit A hereto.

6. Plaintiff YAT SING MEDICINE MANUFACTURING CO., LTD. is a citizen of Hong Kong, being a corporation organized and existing under the laws of Hong Kong and with its principal place of business at Flat 2, LG/F, Kai Wong Comm. Bldg., 222-226 Queen's Rd. C., Hong Kong, Special Administrative Region of the People's Republic of China.

7. Plaintiff YAT CHAU (USA) INC. and YAT SING MEDICINE MANUFACTURING CO., LTD. are referred to herein collectively as "Plaintiffs".

8. The defendant, Suzi Ye, also known as Su-Zi Ye Chong, (hereinafter "Individual Defendant"), is a citizen of New York and, upon

information and belief, is the officer, director, and owner or beneficial owner of WEN ZHOU USA INC. and YI ZHOU USA, INC., defendants.

9.  Defendant WEN ZHOU USA INC., formerly known as YI ZHOU USA INC., formerly known as YECHAU USA INC., is a citizen of New York, being a corporation organized and existing under the laws of the State of New York and with its principal place of business at 40-20 Main Street, Flushing, New York 11354.

10. Defendant YI ZHOU USA, formerly known as YA ZHOU USA, INC., is a corporation organized and existing under the laws of the State of New York with its principal place of business at 136-56 39th Avenue, Suite 408, Flushing, New York 11354 and with offices at 40-20 Main Street, Flushing, New York 11354.

11. The true names of the defendants sued herein under the fictitious names of Does 1 through 10 are at present unknown to Plaintiffs. Said fictitious defendants are responsible for some or all of the matters alleged herein. Plaintiffs will seek leave to amend this complaint when they discover the true names of these fictitious defendants.

12. Defendants SUZI YE; WEN ZHOU USA INC., YI ZHOU USA, INC. and DOES 1 through 10 Inclusive are referred to collectively herein as "Defendants".

THE TRADEMARK

13. Plaintiff YAT SING MEDICINE MANUFACTURING CO., LTD. is the registered owner of a trademark registered in the principal register of the United States Patent and Trademark Office as Registration No. 2,703,878 (hereinafter "Mark") and used for and in connection with the following goods: Ginseng for medical use; herb teas for medicinal use; processed bee pollen for medicinal or therapeutic purposes; sugar replacement of medicinal or therapeutic purposes; dietetic foods adapted for medical use; dietetic beverages adapted for medical use; albuminous foods for medical use; foodstuffs for babies, and others as shown on Exhibit A hereto. The Mark is valid, subsisting, in full force and effect and has become incontestable.

14. The Mark consists of the words "Yat Chau" and the Chinese equivalent characters with a representation of a boat, namely, a Chinese junk sailing vessel with a full-batten sail on water, within a circle. The Chinese characters which appear on the sail are translated as follows: the Chinese characters on the sail to the left of the mast are (top to bottom): "yi", meaning "one"; "fan", meaning "sail"; "feng", meaning "wind"; "shun", meaning "smooth"; the Chinese characters on the sail to the right of the mast are (top to bottom): "si", meaning "four"; "hai", meaning "sea"; "tong", meaning "through"; "da", meaning "reach". Together these two phrases mean "bon voyage". The two characters at the bottom of the mark are transliterated as "yi chou", which like "yat chau"-means "one continent". Attached hereto as

Exhibit A is a true and correct copy of the Mark and the goods for and in connection with which the Mark is used.

15. Plaintiff YAT SING MEDICINE MANUFACTURING CO., LTD. has licensed the use of the Mark within the United States to plaintiff YAT CHAU (USA) INC.

16. The registration of the Mark constitutes prima facie evidence of its validity and conclusive evidence of Plaintiffs' exclusive right to use the Mark in connection with the goods identified therein.

17. The registration of the Mark provides sufficient notice to Defendants of Plaintiffs' ownership and exclusive rights in the Mark.

18. The Mark has been continuously used and has never been abandoned.

DEFENDANTS' ACTS OF INFRINGEMENT AND UNFAIR COMPETITION

19. Defendants are engaged in advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Mark.

20. Defendants' specific conduct includes, among other things, the advertising, offering for sale, and sale of goods ("Infringing Goods") which bear marks ("Infringing Marks") that are studied imitations or confusingly similar to Plaintiffs' Mark. The Infringing Goods which bear the Infringing Marks are the same as the goods in connection with which Plaintiffs have the exclusive right to use of the Mark.

6

21. Defendants use the Infringing Marks not only on goods but on advertising material, flyers, bags, business cards, and more.

22. Defendants are aware of Plaintiffs' exclusive rights in the Mark and are knowingly using the Infringing Marks in violation of Plaintiffs' rights and with the intention of enhancing the Defendants' business at the expense of Plaintiffs'.

23. Defendants have no license, authority, or other permission from Plaintiffs to use the Mark in advertising, distributing, selling, and/or offering for sale the Infringing Goods.

24. Defendants have been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Plaintiffs' rights, or with bad faith, for the purpose of trading on the goodwill and reputation of Plaintiffs' Mark and Plaintiffs' products.

25. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Goods and Plaintiffs.

26. Upon information and belief, Defendants intend to continue to advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Goods.

27. Plaintiffs are suffering irreparable injury, have suffered substantial damages as a result of Defendants' activities, and have no adequate remedy at law.

## FIRST CAUSE OF ACTION
(Trademark Counterfeiting, 15 U.S.C. § 1114)

28. Plaintiffs incorporate the allegations of paragraphs 1 through 27.

29. Defendants, without authorization from Plaintiffs, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from Plaintiffs' Mark.

30. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Goods are genuine or authorized goods of Plaintiffs.

31. Upon information and belief, Defendants have acted with knowledge of Plaintiffs' ownership of the Mark with deliberate intention or willful blindness to unfairly benefit from the goodwill inherent in Plaintiffs' Mark.

32. Defendants' acts constitute trademark counterfeiting in violation of section 32 of the Lanham Act (15 U.S.C. § 1114).

33. Defendants have made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

34. Upon information and belief, Defendants intend to continue its infringing acts unless restrained.

35. Defendants' acts have damaged and will continue to damage Plaintiffs and Plaintiffs have no adequate remedy at law.

## SECOND CAUSE OF ACTION
(Trademark Infringement, 15 U.S.C. § 1114)

36. Plaintiffs incorporate the allegations of paragraphs 1 through 35.

37. Defendants, without authorization from Plaintiffs, have used and are continuing to use spurious designations that are confusingly similar to Plaintiffs' Mark.

38. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Goods originate from, or are affiliated with, sponsored by, or endorsed by Plaintiffs.

39. Defendants have acted with knowledge of Plaintiffs' ownership of the Mark and with deliberate intention or willful blindness to unfairly benefit from the goodwill symbolized thereby.

40. Defendants' acts constitute trademark infringement in violation of section 32 of the Lanham Act (15 U.S.C. § 1114).

41. Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

42. Upon information and belief, Defendants intend to continue their infringing acts unless restrained.

43. Defendants' acts have damaged and will continue to damage Plaintiffs and Plaintiffs have no adequate remedy at law.

## THIRD CAUSE OF ACTION
(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

44. Plaintiffs incorporate the allegations of paragraphs 1through 43.

45. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Goods, together with Defendants' use of other indicia associated with Plaintiffs' Mark are intended, and are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Goods, and are intended, and are likely to cause such parties to mistakenly believe that the Infringing Goods have been authorized, sponsored, approved, endorsed or licensed by Plaintiffs, or that Defendants are in some way affiliated with Plaintiffs.

46. The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

47. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

48. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained.

49. Defendants' acts have damaged and will continue to damage Plaintiffs and Plaintiffs have no adequate remedy at law.

## FOURTH CAUSE OF ACTION
(Common Law Trademark Infringement)

50. Plaintiffs incorporate the allegations of paragraphs 1 through 49.

51. Plaintiffs own all rights, title, and interest in and to the Mark, including all common law rights in the Mark.

52. Defendants, without authorization from Plaintiffs, have used and are continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Mark.

53. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Goods originate from, or are affiliated with, sponsored by, or endorsed by Plaintiffs.

54. Upon information and belief, Defendants have acted with knowledge of Plaintiffs' ownership of the Mark and with deliberate intention or willful blindness to unfairly benefit from the goodwill symbolized thereby.

55. Defendants' acts constitute trademark infringement in violation of the common law of the State of New York.

56. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

57. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained.

58. Defendants' acts have damaged and will continue to damage Plaintiffs and Plaintiffs have no adequate remedy at law.

FIFTH CAUSE OF ACTION
(Violation of New York Deceptive Acts and Practices Act,
General Business Law § 349(h))

59. Plaintiffs incorporate the allegations of paragraphs 1 through 58.

60. The acts of Defendants alleged herein constitute deceptive acts and practices in violation of the New York Deceptive Acts and Practices Act, section 349(h) of the New York General Business Law ("Act").

61. Defendants have willfully and knowingly engaged in and continue to willfully and knowingly engage in deceptive acts and practices in the conduct of their business, trade, and commerce and in furnishing of services in the State of New York.

62. Defendants' deceptive acts and practices are directed at and deceive consumers through the conduct alleged herein.

63. Upon information and belief, Defendants unless restrained will continue said deceptive acts and practices.

64. Plaintiffs are persons who have been injured and who continue to be injured by reason of Defendants' violation of the Act.

65. The foregoing conduct of Defendants entitles Plaintiffs to preliminary and permanent injunctive relief, to Plaintiffs' actual damages trebled, and to an award of reasonable attorney's fees.

SIXTH CAUSE OF ACTION
(Common Law Unfair Competition)

66. Plaintiffs incorporate the allegations of paragraphs 1 through 65.

67. The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of New York.

68. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

69. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained.

70. Defendants' acts have damaged and will continue to damage Plaintiffs and Plaintiffs have no adequate remedy at law.

SEVENTH CAUSE OF ACTION
(Unjust Enrichment)

71. Plaintiffs incorporate the allegations of paragraphs 1 through 70.

72. The acts complained of above constitute unjust enrichment of Defendants at Plaintiffs' expense, in violation of the common law of the State of New York.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants as follows:

A. Finding that: (i) Defendants have violated section 32 of the Lanham Act (15 U.S.C. § 1114) and section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendants have engaged in trademark infringement and unfair competition under the common law of New York; (iii) Defendants have engaged in unfair competition in violation of New York's Deceptive Acts and Practices Act; and (iv) Defendants have been unjustly enriched in violation of New York common law; and

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1. Advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Mark and/or its design elements or any other mark substantially similar to the Mark, and engaging in any other activity constituting an infringement of any of Plaintiffs' rights in the Mark;

      2. Engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Plaintiffs; or,

      3. Engaging in any other activity that will cause the distinctiveness of the Mark to be diluted;

    C. Requiring Defendant to deliver to Plaintiffs for destruction or other disposition all remaining inventory of all Infringing Goods, including all advertisements, promotional and marketing materials therefor;

    D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Plaintiffs, or is related in any way with Plaintiffs; and

    E. Awarding Plaintiffs statutory damages of two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Plaintiffs' request, ordering Defendants to account to and pay to Plaintiffs all profits realized by their wrongful acts and also awarding Plaintiffs their actual damages, and also directing that such profits or actual damages be trebled, in accordance with section 35 of the Lanham Act (15 U.S.C. § 1117);

F.  Awarding Plaintiffs actual and punitive damages to which they are entitled under applicable federal and state laws;

G.  Awarding Plaintiffs their attorneys' fees and costs pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117), and the New York Deceptive Acts and Practices Act;

H.  Awarding Plaintiffs pre-judgment interest on any monetary award made part of the judgment against Defendants; and,

I. Awarding Plaintiffs such additional and further relief as the Court may deem just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all issues triable by jury.

      *s/ Ying Liu*
      YING LIU
      CAROLYN SHIELDS
      Attorneys for Plaintiffs

# EXHIBIT A



Yat Chau
一洲



### United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Sun Oct 16 03:21:02 EDT 2016

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP]

[Logout] Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

[TSDR] [ASSIGN Status] [TTAB Status] *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | YAT CHAU |
| **Translations** | The transliteration and translation of the Chinese characters on the sail to the left of the mast are (top to bottom): "yi"-"one"; "fan"-"sail"; "feng"-"wind"; "shun"-"smooth"; on the sail to the right of the mast are (top to bottom): "si"-"four"; "hai"-"sea"; "tong"-"through"; "da"-"reach". Together, these two phrases mean "bon voyage". The two characters as the bottom of the mark are transliterated as "yi chou", which-like "yat chau"-are translated as "one continent". |
| **Goods and Services** | IC 005. US 006 018 044 046 051 052. G & S: Pharmaceutical preparations for humans for the treatment of diabetes, insomnia, rachitis, bronchitis, pneumonia, gastric ulcer, duodenal ulcer, enteritis, hepatitis, cholecystitis, food poisoning, cardiovascular disease, hypertension, arteriosclerosis, rheumatic arthritis, anemia, septicemia, nephritis, urethritis, cystitis, bladder stone, hypertrophy of the prostrate, neurasthenia, neurosis, neuralgia, migraine, sciatica, hysteria, epilepsy, hemiplegia, apoplexy, benign tumor, malignant tumor, cancer, irregular menstruation, pelvic infection, vaginitis, influenza, measles, pertussis, diphtheria, scarlet fever, rubella, chicken pox, polio, meningitis, encephalitis, parotitis, typhoid, cholera, dysentery, malaria, venereal disease, obesity, stomatitis, tonsillitis, laryngitis, and pharyngitis; [ ginseng for medical use; herb teas for medicinal use; processed bee pollen for medicinal or therapeutic purposes; sugar replacement of medicinal or therapeutic purposes; dietetic foods adapted for medical use; dietetic beverages adapted for medical use; albuminous foods for medical use; foodstuffs for babies; ] sanitary pants; sanitary panty liners; sanitary pads; sanitary napkins; incontinence diapers; teeth filling materials; dental impression materials |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 06.03.03 - Ocean; Ripples (multiple waves); Waves, open sea (multiple waves)<br>18.07.06 - Other stylized sail boats<br>24.09.02 - Flags, triangular (pennants); Pennants; Pennants (flags in the form of a triangle), flags with forked sides<br>26.01.02 - Circles, plain single line; Plain single line circles<br>28.01.03 - Asian characters; Chinese characters; Japanese characters |
| **Serial Number** | 76309783 |
| **Filing Date** | September 6, 2001 |
| **Current Basis** | 44E |

| | |
|---|---|
| Original Filing Basis | 1B;44E |
| Published for Opposition | January 14, 2003 |
| Registration Number | 2703878 |
| Registration Date | April 8, 2003 |
| Owner | (REGISTRANT) Yat Sing Medicine Manufacturing Co., Ltd. CORPORATION HONG KONG Flat 2, LG/F, Kai Wong Comm. Bldg. 222-226 Queen's Rd. C HONG KONG |
| Attorney of Record | Lawrence E. Abelman |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20131007. |
| Renewal | 1ST RENEWAL 20131007 |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY